NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SGT. JEFFREY S. SARVER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| | Civil Action 2:10-cv- 01076 (DMC)(JAD) |
| THE HURT LOCKER, LLC; MARK BOAL; KATHRYN BIGELOW; NICHOLAS CHARTIER; TONY MARK; DONALL MCCLUSKER; SUMMIT ENTERTAINMENT, LLC; VOLTAGE PICTURES, LLC; GROSVENOR PARK MEDIA, LP; FIRST LIGHT PRODUCTIONS, INC.; and PLAYBOY ENTERPRISES, INC., Jointly and Severally, | |
| Defendants | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by Sgt. Jeffrey Sarver ("Plaintiff") to reconsider this Court's opinion and order of November 18, 2010 transferring venue to the Central District of California pursuant to 28 U.S.C.A. § 1404(a). After carefully considering the submissions of the parties, and for the reasons contained herein, Plaintiff's motion is **denied.**

**I.    BACKGROUND**

This case arises out of a film, "The Hurt Locker," which won the Academy Award for Best Picture in 2010, amongst many other awards. The film depicts the activities of an Explosive

Ordnance Disposal ("EOD") unit charged with the responsibility to detect defuse, and dispose of improvised explosive devices, known as IED's, and other bombs in Iraq. Plaintiff contends that the main character in the film was based on the likeness and activities of Plaintiff.

On March 3, 2010 Plaintiff brought suit in this Court, alleging seven causes of action against the thirteen named Defendants. Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(1), or in the alternative, to transfer venue to the Central District of California pursuant to 28 U.S.C.A. § 1404(a). Based on this Court's Opinion and Order filed November 18, 2010, Defendants' motion to dismiss was denied, but the Court agreed that a transfer of venue was appropriate. Venue was transferred to the Central District of California, and the case was closed in the District of New Jersey on November 19, 2010. The instant motion for reconsideration was submitted on December 4, 2010. The Court gave leave for Plaintiff to file an affidavit in support of the instant motion. The affidavit was received by this Court on January 11, 2011.

**II.    STANDARD OF REVIEW**

A motion for reconsideration is governed by Local Civil Rule 7.1(I). Reconsideration is an "extraordinary remedy" and is granted "very sparingly." N.L. Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration will be granted only if: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact, or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). If a party simply disagrees with a court's decision, the appropriate avenue to address that disagreement is "through the appellate process not a motion

for reconsideration." Database Am., Inc., 825 F. Supp. at 1220.

### III.   DISCUSSION

Contrary to Plaintiff's assumption in the instant motion for reconsideration, the Court's decision to transfer venue to the Central District of California was not dependant on the isolated fact of when and where Plaintiff first viewed the film, "The Hurt Locker," and in which state he happened to be domiciled at the time. Although this Court granted leave for Plaintiff to file an affidavit explaining his objection to the Court's November 18, 2010 opinion, and in deference to his service overseas granted him extra time to do so, the affidavit received by the Court does nothing to advance Plaintiff's case. Rather than explain why New Jersey would be a more convenient forum in which for Plaintiff to litigate his claim, the affidavit merely clarified where he was residing when the movie was shown in New Jersey. While this might have weighed in favor of finding that this Court could exercise personal jurisdiction over Defendants, that issue had already been resolved in Plaintiff's favor by the Court's November 18, 2010 opinion. As detailed in that Opinion, "the fact that neither Plaintiff, nor any of the witnesses, documents, Defendants or events that gave rise to the litigation are tied to New Jersey in any meaningful way" was dispositive. (ECF Doc 54, page ID# 650). The fact that Plaintiff lingered in New Jersey a few weeks longer than had been clear to the Court from the pleadings does nothing to alter the analysis. Plaintiff has utterly failed to show, either in his original pleading, or in the instant motion for reconsideration, "how New Jersey represents a more convenient forum for Plaintiff." Plaintiff's affidavit in the instant motion does nothing to address the factors that the Court relied on. Plaintiff has failed to demonstrate that denying the instant motion would contravene an intervening change in controlling law, and has also failed to demonstrate any significance to what

4

he purports to be new evidence of where and when he saw the film, or to suggest that such evidence was not previously available. The Court finds no clear error of law in the November 18, 2010 Opinion, nor does the Court find that disturbing that ruling would prevent manifest injustice.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is **denied.** An appropriate order follows this Opinion.

 S/ Dennis M.Cavanaugh  
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   January  19 , 2011  
cc:     Hon. Joseph A. Dickson,  U.S.M.J.  
        Counsel of Record